HELEN SMITH, RESPONDENT, v. ADLER'S MILLINERY, INC., IMPLEADED, ETC., APPELLANT.

Submitted January 17, 1939—Decided March 10, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *John M. May* (*J. Chester Massinger*, of counsel).

For the respondent, *Fred Saperstein* (*Julius Cohn*, of counsel).

The opinion of the court was delivered by

PARKER, J. This is an accident case. The appellant advertised offering employment in the sales force of a store rented by it in Jersey City. Plaintiff answered the advertisement on a Friday, saw Mrs. Adler, and was told to come back the next morning. She did so, and again met Mrs. Adler, whose authority to act for the corporation was not questioned. Then, according to plaintiff's testimony, Mrs. Adler asked her if she was sure she was experienced and receiving an affirmative answer, said: "All right, take off your hat and coat." Plaintiff testified that there was no talk about a salary or about a steady position, but that Mrs. Adler said they would discuss that on Saturday night. Mrs. Adler said "follow me" and went to the back of the store. Considerable alterations were in progress and not quite completed. As part of these there was a cross partition near the rear of the store, separating salesroom from workroom. In this there were two doorway openings, toward left and right. According to the evidence for plaintiff, which is determinative of the points argued, viz., refusal to nonsuit or to enter judgment for defendant in a trial without jury, Mrs. Adler preceded plaintiff through the left doorway. Plaintiff, following, was faced by the wall and door of a lavatory, which compelled her to turn to the right. She did so and at once stepped into a hole in the floor connecting with steps into the cellar, and was precipitated down the steps, sustaining personal injury for which the court awarded $250.

The case is submitted on briefs, and the first point made is that there should have been a nonsuit because the Workmen's Compensation act was applicable. But to this we cannot agree. Taking the evidence most favorably for plaintiff, as we must, the trial court was justified in finding that no employment had begun: that plaintiff was there only for a try-out for a day, and that the questions of employment *vel non* and of rate of compensation were to be discussed and settled that evening. This appears from the testimony of Mrs. Adler as well as from that of the plaintiff. In this respect the case seems to be in line with *Fineberg* v. *Public Service Railway Co.*, 94 *N. J. L.* 55.

The second point is that there was no evidence of negligence on the part of the defendant. But it seems clear that negligence can be inferred from a finding that Mrs. Adler, knowing, as she did, of the existence of this unguarded hole in the floor, intended to be protected by a railing but still unfinished, omitted by word or act to caution plaintiff who was following her. The same reasoning applies to the third point, contributory negligence. This on the evidence was plainly a question of fact.

The judgment will therefore be affirmed, with costs. The two other original defendants, the owner of the store, lessor to the Adler corporation, and the contractor executing the alterations obtained judgments of nonsuit which are not before us on this appeal.